IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | MJ CASE NO. 16-00040-B |
| | : | |
| **BENJAMIN ARGUETA-GUEVARA,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This action is before the Court on the Government's Motion for Detention (Doc. 13), and Defendant's Motion for Reconsideration of Detention Order (Doc. 14).[1] Upon careful review of the parties' motions, the court file, the evidence presented at the detention hearing, which was conducted on May 9, 2016, and the applicable case law, the Court, for the reasons that follow, **grants** the Defendant's motion to the extent that he seeks reconsideration of the Court's oral order of detention, **denies** the motion to the extent that Defendant seeks release, and **grants** the Government's motion to detain.

### Background

The Government charged Defendant Benjamin Argueta-Guevara in a criminal complaint with illegal entry into the United States in violation of 8 U.S.C. § 1326, which makes it a crime

---

[1] At the conclusion of the detention hearing on May 9, 2016, the undersigned ordered Defendant detained. In his instant motion, Defendant seeks reconsideration of the oral detention order.

for a person who has been deported or removed from the United States to thereafter re-enter the country without having obtained the proper consent to reapply for admission into the United States.  (Doc. 1).  At the hearing, agent Browder, with the U.S. Border Patrol, testified that Defendant and his wife, Rosa Ester Portillo De Argueta, were  passengers in a vehicle that was stopped on April 29, 2016, for a traffic violation.  During the traffic stop, a Border Patrol officer interviewed Defendant and his wife and learned that they are citizens of El Salvador and that they had both been previously deported.  Record searches into Defendant's immigration status confirmed that he was born in El Salvador, that he was previously deported in 2001, and twice during 2015, and that he does not have permission to be in the United States.

The pretrial services report reflects that Defendant reported that he is forty-three years of age, that he was born in El Salvador, and that he does not have a home because he has been trying to get back to his children for over a year.  Defendant also reported that he has one brother who resides in Florida and two minor children who were born in the United States and are residing with his brother and his family in Florida.  Along with his motion for reconsideration, Defendant submitted the affidavit of Miguel Angel Argueta Guevara, who advises that he is the Defendant's brother, that he resides in

Bonita Springs, Florida, and that he has a work permit and has been employed with the same employer for approximately eighteen years.  Guevara also avers that he has lived at his current address for approximately four years, that he and his wife are caring for Defendant's two minor children, and that they would welcome Defendant and his wife into their home while they are on pretrial release.  Defendant's brother also states that he is willing to serve as a third party custodian, that he has located a nearby rental unit for Defendant if he is released, and that they have several siblings in the United States as well as church members who are willing to help support Defendant and his wife if they are placed on pretrial release.

   The pretrial services officer opined that Defendant poses a risk of nonappearance based on the nature of the charged offense, Defendant's lack of ties to this district, his ties to a foreign country, unstable/unsuitable living situation, and prior deportations, and recommended detention.

   Counsel for the Government argued that Defendant represents a flight risk because he is in this country illegally; he has close family ties to El Salvador; and he has been previously deported.  Defense counsel countered that Defendant does not have a criminal history and is not a flight risk.  According to defense counsel, Defendant has no reason to flee this country as it is his desire to be in the United States with with his minor

aged children who were born here. In his motion for reconsideration, Defense counsel further asserts that Defendant and his wife are fearful of returning to El Salvador due to threats from gangs and that they intend to seek asylum in this country although no petition has been filed. Additionally, defense counsel asserts that Defendant has a brother who has resided in Florida for a number of years and is willing to serve as a third party custodian and provide housing for Defendant and his wife. Thus, there are conditions that will reasonably assure Defendant's appearance and the safety of the community.

**Analysis**

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing held pursuant to 18 U.S.C. § 3142(f) and upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence.[2] See U.S. v. Ramos, 2014 U.S. Dist. LEXIS 52924, 2014 WL 1515264, *1 (S.D.

---

[2] Of course, when a defendant is charged with certain crimes, not applicable here, a presumption arises that the defendant is a flight risk and a danger to the community. See 18 U.S.C. § 3142(e)(3)(A).

4

Fla. April 7, 2014); 18 U.S.C. § 3142(f). The Bail Reform Act directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as

>     collateral to secure a bond, and shall decline to
>     accept the designation, or the use as collateral,
>     of property that, because of its source, will not
>     reasonably assure the appearance of the person as
>     required.

See 18 U.S.C. § 3142(g).

The undersigned observes, as a preliminary matter, that the Government does not contend that Defendant poses a danger to the community. The Government's motion and argument at the hearing focused on risk of flight. The Court first addresses whether the Government has established by a preponderance of the evidence that Defendant, if released, presents an actual risk of flight. Assuming this burden is satisfied, the Court must then determine whether the Government has demonstrated by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure her presence. See U.S. v. Blas, 2013 U.S. Dist. LEXIS 135283, *14-15, 2013 WL 5317228, *4 (S.D. Ala. Sept. 20, 2013); U.S. v. Sabhnani, 493 F. 3d 63, 75 (2d Cir. 2007).

The undersigned finds, based on the evidence presented, that the Government has satisfied the first prong by demonstrating, by a preponderance of the evidence, that Defendant poses an actual risk of flight. The Government has presented strong evidence, including Defendant's admission, that he is a citizen of El Salvador, that he has been previously deported, and that he has not received permission to re-enter

6

the United States.  Given the weight of the evidence, it is conceivable that Defendant might have a heightened motivation to flee if the Government's evidence makes a conviction and deportation all but certain.  While Defendant proffered evidence that he has minor children residing with his brother in Florida, such does not diminish the fact that Defendant is facing deportation and certain separation from his minor children if convicted.  Accordingly, the undersigned finds that the Government has established, by a preponderance of the evidence, that Defendant presents a risk of flight.

The next inquiry is whether the Government has also established, by a preponderance of the evidence, that no condition or combination of conditions could be imposed on Defendant that would reasonably assure his presence in Court for future proceedings.  Based on the nature of the charge, Defendant's ties to El Salvador, and lack of employment, property, and financial ties to the United States, the Court concludes that there are no conditions that will reasonably assure Defendant's appearance in Court.[3]  While defense counsel has asserted that Defendant fears for his safety if he returns to El Salvador and that he plans to file an asylum petition,

---

[3] Because the Court finds that Defendant presents a flight risk and that there are no conditions that will reasonably assure Defendant's presence in Court, it is not necessary to address whether Defendant also poses a danger to the community.

7

such would actually provide more incentive for Defendant to flee because regardless of the outcome of this case, Defendant is facing near certain deportation.  Moreover, the fact that Defendant has returned to this country after being deported on three occasions demonstrates his ability to navigate illegal travel between the United States and El Salvador, and his disregard for immigration procedures and the laws of the United States.  Simply put, Defendant has little to gain by staying for this Court's proceedings and great incentive to flee knowing that there is a strong likelihood that he will be deported no matter the outcome of the instant action.

For the reasons set forth above, the Court **grants** the Defendant's motion to the extent that he seeks reconsideration of the Court's oral order of detention, **denies** the motion to the extent that Defendant seeks release, and **grants** the Government's motion to detain.  Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the

8

United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** this the **16th** day of **May, 2016.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**
